# IN THE SUPERIOR COURT OF THE STATE OF DELAWARE

| | | |
|---|---|---|
| STATE OF DELAWARE | ) | |
| | ) | |
| v. | ) | I.D. Nos. 1602017642 |
| | ) | 1603014983 |
| JERMAINE FERGUSON, | ) | |
| | ) | |
| Defendant. | ) | |

Submitted: August 18, 2017
Decided October 3, 2017

Upon Defendant's Motion for Postconviction Relief,
**DENIED.**

## **ORDER**

Timothy Maguire, Esquire, Deputy Attorney General, Department of Justice, 820 North French Street, Wilmington, DE 19801, Attorney for the State.

Jermaine Ferguson, Howard R. Young Correctional Institution, P.O. Box 9561, Wilmington, DE 19809

**WHARTON, J.**

This 3rd day of October, 2017, upon consideration of Defendant Jermaine Ferguson's ("Ferguson") timely *pro se* Motion for Postconviction Relief ("Motion"),[1] Affidavit of John S. Malik, Esquire,[2] the State's Response[3] and the record in this matter, it appears to the Court that:

1.      Ferguson was indicted by the Grand Jury in two indictments on various drug and other charges. On October 13, 2016, Ferguson pled guilty to two separate counts of Drug Dealing and a single count of Conspiracy Second Degree.[4] All other charges against him in both indictments were dropped. On December 16, 2016, the Court sentenced him to five years of incarceration as a habitual offender under 11 *Del. C.* § 4214(a) on one count of Drug Dealing, and a total of 11 years of incarceration, suspended for decreasing levels of supervision on the other charges.[5] Ferguson did not appeal his convictions or sentences to the Delaware Supreme Court. This Motion pursuant to Superior Court Criminal Rule 61, his first, was filed timely on January 18, 2017.[6] Ferguson did *not* request appointment of counsel. A subsequent Motion for Reduction of sentence was denied on March 20, 2017. At the Court's direction, trial/plea counsel John S. Malik, Esquire submitted his

---

[1] D.I. 27 (1602017642), D.I. 21 (1603014983). For simplicity, the Court will hereafter reference docket items in I.D. No. 1602017642 unless otherwise indicated.
[2] D.I. 34.
[3] D.I. 36.
[4] D.I. 22.
[5] D.I. 20 (1603014983).
[6] D.I. 27.

affidavit in response to the Motion.[7] On May 24, 2017, the State submitted its response.[8] The Court ordered a transcript of Ferguson's plea colloquy which was filed on August 18, 2017.

2.    In his PCR Motion, Ferguson raises three claims of ineffective assistance of counsel: 1) counsel failed to move to suppress unspecified "key" evidence which would have "brought to light" violations of his Fourth and Fourteenth Amendment rights; 2) counsel failed to provide him with discovery and Brady material thereby denying him an opportunity to prepare for trial and denying him his Sixth Amendment rights; and 3) counsel manipulated him into pleading guilty to a charge for which he was not indicted by telling him that he was going to retain a "sentence mediator" to "mediate the process" and move for "the judge to read the contents of the case since the part [Ferguson] played was mediocre."[9]

3.    Before addressing the merits of a defendant's motion for postconviction relief, the Court must first apply the procedural bars of Superior Court Criminal Rule 61(i).[10] If a procedural bar exists, then the Court will not consider the merits of the postconviction claim.[11]

4.    Under Delaware Superior Court Rules of Criminal Procedure, a motion for post-conviction relief can be barred for time limitations, successive motions,

---

[7] D.I. 34.
[8] D.I. 36.
[9] D.I. 27. As an aside, the charge for which Ferguson claims to have not been indicted was a lesser included offense of an indicted charge.
[10] *Younger v. State,* 580 A.2d 552, 554 (Del. 1990).
[11] *Id.*

procedural defaults, and former adjudications. A motion exceeds time limitations if it is filed more than one year after the conviction becomes final or if it asserts a newly recognized, retroactively applied right more than one year after it was first recognized.[12] A second or subsequent motion is considered successive and therefore barred and subject to summary dismissal unless the movant was convicted after a trial and "pleads with particularity that new evidence exists that the movant is actually innocent" or "pleads with particularity a claim that a new rule of constitutional law, made retroactive to cases on collateral review by the United States Supreme Court or the Delaware Supreme Court, applies to the movant's case and renders the conviction … invalid."[13] Grounds for relief "not asserted in the proceedings leading to the judgment of conviction" are barred as procedurally defaulted unless the movant can show "cause for relief" and "prejudice from [the] violation."[14] Grounds for relief formerly adjudicated in the case, including "proceedings leading to the judgment of conviction, in an appeal, in a post-conviction proceeding, or in a federal habeas corpus hearing" are barred.[15] These bars to relief may be overcome, however, if the claim is jurisdictional or if it pleads with particularity a claim of a strong inference of actual innocence based on new

---

[12] Super. Ct. Crim. R. 61(i)(1).
[13] Super. Ct. Crim. R. 61(i)(2); Super. Ct. Crim. R. 61(d)(2).
[14] Super. Ct. Crim. R. 61(i)(3).
[15] Super. Ct. Crim. R. 61(i)(4).

4

evidence or a new retroactive rule of constitutional law applying to the movant's case that renders the conviction invalid.[16]

5. This Motion is a timely first motion for postconviction relief, alleging ineffective assistance of counsel. Accordingly, the Court will consider the motion on its merits.

6. To successfully bring an ineffective assistance of counsel claim, a claimant must demonstrate: 1) that counsel's performance was deficient; and 2) that the deficiencies prejudiced the claimant by depriving him or her of a fair trial with reliable results.[17] To prove counsel's deficiency, a defendant must show that counsel's representation fell below an objective standard of reasonableness.[18] Moreover, a defendant must make concrete allegations of actual prejudice and substantiate them or risk summary dismissal.[19] "[A] court must indulge in a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance."[20] A successful Sixth Amendment claim of ineffective assistance of counsel requires a showing "that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different."[21] When addressing the prejudice prong of the ineffective assistance of counsel test in the context of a challenged guilty plea, an inmate must show "that

---

[16] Super. Ct. Crim. R. 61(i)(5), citing R. 61(d)(2)(i) and (ii).
[17] *Strickland v. Washington*, 466 U.S. 668, 688 (1984).
[18] *Id.* at 667-68.
[19] *Wright v. State*, 671 A.2d 1353, 1356 (Del. 1996).
[20] *Strickland*, 446 U.S. at 689.
[21] *Id.* at 694.

there is a reasonable probability that, but for counsel's errors, he would not have pleaded guilty and would have insisted on going to trial."[22] An inmate must satisfy the proof requirements of both prongs to succeed on an ineffective assistance of counsel claim. Failure to do so on either prong will doom the claim and the Court need not address the other.[23] Ferguson cannot demonstrate that counsel's performance was deficient, that he was prejudiced by counsel's alleged ineffectiveness, or that he would have insisted on going to trial.

7.   Trial/plea counsel responded to each of Ferguson's claims of ineffective assistance of counsel. With regard to Ferguson's claim that counsel failed to seek suppression of unspecified "key" evidence, counsel addresses Ferguson's arrest for the charges in each indictment. As to I.D. No. 1603014983 counsel states that Ferguson was stopped for driving an unsafe motor vehicle due to an item hanging out of the right side rear window.[24] A license check determined that Ferguson's driver's license was suspended.[25] Additionally the officer observed in plain view a large quantity of what appeared to be marijuana in small pieces throughout the vehicle and on Ferguson's clothing.[26] Ferguson gave the officer permission to

---

[22] *Albury v. State,* 551 A.2d 53, 59 (Del. 1988) (citing *Hill v. Lockhart,* 474 U.S. 52, 58 (1985)); *Sartin v. State,* 2014 WL 5392047, at *2 (Del. Oct. 21, 2014); *State v. Hackett,* 2005 WL 30609076, at *3 (Del. Super. Ct. Nov. 15, 2005).
[23] *Strickland,* 466 U.S. at 697; *Ploof v. State,* 75 A.3d 811, 825 (Del. 2013) ("*Strickland* is a two-pronged test, and there is no need to examine whether an attorney performed deficiently if the deficiency did not prejudice the defendant.").
[24] D.I. 34 at 2.
[25] *Id.*
[26] *Id.*

6

search the vehicle and told the officer that there were 40 Oxycodone pills inside of a sock on the floorboard on the driver's side of the vehicle.[27] Ferguson gave the officer additional permission to retrieve the sock which contained Oxycodone and Methadone pills.[28] Further, Ferguson had $700.00 on his person and an additional $3,201.00 was found in the vehicle.[29] Counsel explained that he did not move to suppress the evidence in this case because there was a valid reason for the initial stop of Ferguson, his arrest for driving while suspended would have justified an inventory search of the vehicle, Ferguson admitted to having marijuana in the vehicle, and Ferguson consented to a search of the vehicle.[30] Ferguson's arrest in I.D. No. 1602017642 occurred six months after he was audio and video recorded selling 60 Oxycodone pills to a confidential source.[31] The delay between the crime and Ferguson's arrest was due to the ongoing investigation of his co-defendants.[32] After his arrest, Ferguson waived his *Miranda* rights and confessed to the previously recorded sale.[33] Counsel did not move to suppress Ferguson's confession because it was given after having knowingly, intelligently and voluntarily waiving his *Miranda* rights.[34]

---

[27] *Id.* at 2-3.
[28] *Id.* at 3.
[29] *Id.*
[30] *Id.*
[31] *Id.* at 4.
[32] *Id.* at 5.
[33] *Id.*
[34] *Id.*

8.  In response to Ferguson's claim that he was not provided copies of his discovery materials, counsel explained that he has discontinued his practice of providing copies to clients because the State has begun requesting that counsel not provide copies of certain reports to defendants and because of the risk that discovery materials might appear on social media.[35]  Instead, counsel met with Ferguson on seven occasions between August 15, 2016 and October 12, 2016.[36] At those meetings, counsel discussed the strength of the State's case, the absence of a basis to file a suppression motion, the evidence the State would present at trial(s), the difficulty in presenting any meritorious defense at trial, the plea offers extended to Ferguson, his status as a habitual offender, and the State's sentencing recommendations.[37]  While he did not provide copies of the State's discovery materials to Ferguson, he did summarize those materials so that Ferguson could make an informed decision whether or not to accept the State's plea offer.[38]

9.  Finally, counsel discussed the sentencing implications of Ferguson's status a habitual offender with him.[39]  While he discussed the role of a mitigation specialist with Ferguson, counsel did not promise to retain one, nor did Ferguson advise counsel that his acceptance of a plea was contingent on a mitigation specialist

---

[35] *Id.* at 4-5. The Court notes that the State is not obliged to provide police reports in discovery under Superior Court Rule 16 and could discontinue its routine practice of providing them if it believes that reports are being misused by defendants.

[36] *Id.* at 6.

[37] *Id.*

[38] *Id.* at 6-7.

[39] *Id.* at 7.

being retained.[40] Based on his experience with similarly situated defendants, counsel did not believe that a mitigation specialist's input would have resulted in a lesser sentence.[41]

10. For its part, the State argues that Ferguson's complaints that counsel failed to provide him with discovery materials thereby denying his rights under the 6th Amendment and that counsel coerced him into accepting the plea offer are barred by Rule 61(i).[42] The State also argues that Ferguson's ineffective counsel claim based on a failure to file a suppression motion lacks merit because he waived any suppression claims when he pled guilty, he failed to articulate any particular basis to suppress any specific evidence, and, in any event, there were no meritorious grounds to support the filing of a suppression motion.[43]

11. Ferguson has failed to meet *Strickland's* performance prong. The Court has read both affidavits of probable cause, the police reports in each case as contained in the presentence report, Mr. Malik's affidavit and the State's response, and can discern no basis to move to suppress any of the incriminating evidence against Ferguson. Further, Ferguson does not specify with any particularity what bases might exist to suppress any evidence. Not filing a suppression motion lacking in merit simply is not a performance deficiency.

---

[40] *Id.*
[41] *Id.* at 7.
[42] D.I. 36 at 4-5.
[43] *Id.* at 6-8

9

12. Ferguson claims that Mr. Malik's representation was deficient because Mr. Malik did not provide him with copies of the discovery materials that the State had provided to Mr. Malik. Ferguson does not specify what information, as opposed to information, Mr. Malik withheld from him. Mr. Malik, on the other hand, responded by saying that he met with Ferguson on seven occasions and fully discussed all aspects of his case with him. Ferguson seems to confuse a right to information with the right to written copies of that information. He has a right to the former, but not the latter. Mr. Malik's representation was not deficient in the manner by which he provided Ferguson with information about his case.

13. Ferguson's last argument is that Mr. Malik was ineffective in failing to retain a mitigation specialist for sentencing and failing to "have a motion for the Judge to read the contents of the case since the role [he] played was mediocre."[44] Apart from the fact that there is no such motion as a "motion for the judge to read the contents of the case," such a motion would have been unnecessary in any event. The Court read the presentence report which contained all of the police reports generated in both cases as well as an earlier presentence report, a previous psych-forensic evaluation and multiple violation of probation reports. Again, Ferguson does not specify what information Mr. Malik should have been brought to the Court's attention that he did not. Mr. Malik's assessment that the input of a mitigation specialist would not have resulted in a lesser sentence was a reasonable

---

[44] D.I. 27.

10

exercise of his professional judgment. Further, the decision, in and of itself, not to retain a sentencing mitigation specialist to submit a report to the Court is not performance deficiency, since such reports are the exception, and not the rule. Also worth noting is that in the plea colloquy[45] and on the Truth in Sentencing Guilty Plea Form, Ferguson affirmed that no one had promised him anything not stated in the plea agreement, that no one, including Mr. Malik, had threatened or forced him to enter his pleas, and that he was satisfied with Mr. Malik's representation of him and that Mr. Malik had fully advised him of his rights.[46]

14.     Ferguson fails to meet the *Strickland's* prejudice prong as well, most obviously because there was no performance deficiency by his attorney. There can be no prejudice to Ferguson as a result of counsel's unprofessional errors if there were no unprofessional errors in the first place. More specifically, apart from generalized allegations of prejudice as a result of claimed violations of certain of his constitutional rights, Ferguson does not connect any particular alleged deficiency on Mr. Malik's part with any particularized harm to him. Moreover, there is no question, after a review of the plea colloquy, Plea Agreement and Truth in Sentencing Guilty Plea Form, but that Ferguson entered his guilty pleas freely, voluntarily, and intelligently with a full understanding of the consequences. Accordingly, there is no reason to believe that, but for counsel's claimed errors, Ferguson would not have pled guilty.

---

[45] D.I. 22.
[46] D.I. 37, at 7, 10.

11

**THEREFORE,** because Ferguson was not denied the effective assistance of counsel, the Defendant's Motion for Postconviction Relief is **DENIED.**

**IT IS SO ORDERED.**

_____
Ferris W. Wharton, J.

oc:     Prothonotary
cc:     John S. Malik, Esquire
        Investigative Services

12